**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

No. 04-4493

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

DOUGLAS CLEMMONS SILER,

Defendant - Appellant.

---

Appeal from the United States District Court for the Middle District of North Carolina, at Durham.  N. Carlton Tilley, Jr., Chief District Judge.  (CR-96-106)

---

Submitted:  August 19, 2005          Decided:  September 20, 2005

---

Before MICHAEL, MOTZ, and TRAXLER, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

Anne R. Littlejohn, LAW OFFICE OF ANNE R. LITTLEJOHN, Greensboro, North Carolina, for Appellant. Robert Michael Hamilton, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

In 1996 Douglas Clemmons Siler was sentenced to eighty-seven months of imprisonment and four years of supervised release. Siler began serving his term of supervised release on December 7, 2001. On April 14, 2004, he was arrested for violating his supervised release. At his hearing on the matter, Siler admitted the violations and was sentenced to eleven months of incarceration and thirty-seven months of supervised release thereafter. Siler's counsel filed a timely notice of appeal and a motion to withdraw as counsel.

On appeal, Siler's new counsel has filed a brief under Anders v. California, 386 U.S. 738 (1967), alleging that there are no meritorious issues on appeal, but raising one issue: whether Siler received ineffective assistance of counsel in the district court proceedings. For the reasons that follow, we affirm.

Claims of ineffective assistance of counsel are not cognizable on direct appeal unless the record conclusively establishes ineffective assistance. United States v. Richardson, 195 F.3d 192, 198 (4th Cir. 1999). To allow for adequate development of the record, claims of ineffective assistance generally should be brought in a 28 U.S.C. § 2255 (2000) motion. United States v. King, 119 F.3d 290, 295 (4th Cir. 1997).

We find that Siler has failed to establish ineffective assistance of counsel on direct appeal. In accordance with Anders,

we have reviewed the entire record in this case and have found no meritorious issues for appeal.[*]  We therefore affirm Siler's conviction and sentence.  This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review.  If the client requests that a petition be filed, but counsel believes that such petition would be frivolous, then counsel may move in this court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on the client.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

---

[*]Because the sentencing guidelines relating to revocation of supervised  release have always been advisory, see U.S. Sentencing Guidelines Manual Ch. 7 Pt. A, the sentence in this appeal is not impacted by the decision in United States v. Booker,  543 U.S. __, 125 S. Ct. 738 (2005).